IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| RACHEL BOHNENKAMP, | ) |
| | ) |
| Plaintiff, | ) 1:19-CV-00115-RAL |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| JAMES WHISTERBARTH, | ) UNITED STATES MAGISTRATE JUDGE |
| CORRECTIONAL OFFICER; AND | ) |
| UNITED STATES OF AMERICA, | ) ORDER SETTING EVIDENTIARY |
| | ) HEARING |
| Defendants, | ) |

An evidentiary hearing in this matter is hereby scheduled for **Thursday, October 20, 2022, beginning at 10:00 AM in Courtroom B, United States District Court, 17 South Park Row, Erie, Pa. 16501. Defendant Wusterbarth will appear via video link.** The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. ECF Nos. 7, 51, 53.

1. This case is governed by 28 U.S.C. § 2679(d)(3) given the Government's refusal to certify that Defendant Wusterbarth's actions, as alleged, fell within the scope of his employment. *See* ECF No. 40-1. Under that provision, the federal employee defendant is entitled to an evidentiary hearing on the scope of employment issue. *Melo v. Hafer*, 13 F.3d 736, 747 (3d Cir. 1994) ("*Melo II*") (citing *Wang v. United States*, 947 F.2d 1400 (9th Cir. 1991).

2. Although the Government's refusal to certify scope of employment is not binding, it is nonetheless afforded some evidentiary value. In this Circuit, such certifications are

1

considered prima facie evidence on the scope of employment question. *See Schrob v. Catterson*, 967 F.3d 929, 936 (3d Cir. 1992); *see also Melo v. Hafer*, 13 F.3d 736, 742 (3d Cir. 1994) ("*Melo II*") (quoting *Schrob*).

3. Thus, the party challenging the certification "has the burden of coming forward with specific facts rebutting it." *Id.* at 935 ("[i]f the matter is disputed, the burden then shifts to the plaintiff, who must come forward with specific facts rebutting the certification"); *see also Hunter v. Chigozie IBE*, 2020 WL 4013455, at *6 (D.N.J. July 16, 2020); *Shaw v. United States Postal Service*, 2018 WL 5885900, at *8 (E.D. Pa. Nov. 9, 2018); *Cassatt v. Wellner*, 2010 WL 4502457 at *2 (W.D. Pa. Oct. 29. 2010).

4. Although Defendant Wusterbarth did not formally petition the Court to challenge the Government's refusal to certify, he has raised and argued his position in multiple filings, including in a motion seeking the appointment of the United States Attorney's Office to represent him. *See* ECF No. 37, p. 2. And, in response to the Government's motion for summary judgment, Wusterbarth again asserted that his actions were within the scope of his employment. *See* ECF No. 108, pp. 3-5. Thus, he has taken affirmative steps to obtain certification from this Court pursuant to the statute.

Mrs. Bohnenkamp, however, could not have done so because she is not a federal employee. *See, e.g., Anderson v. United States* 2013 WL 8149332, at *14 (D.S.C. Oct. 15, 2013) (noting that the procedures set forth in 28 U.S.C. § 2679(d)(3) are not applicable when a non-employee plaintiff challenges the Government employer's position that its employee/tortfeasor was acting outside the scope of employment). But in some instances, district courts have entertained requests to overturn the Attorney General's refusal to certify scope of employment on motions for summary judgment filed by plaintiffs who were not federal employees. *See, e.g.,*

*Colbert v. United States*, 2012 WL 12906168, at *7 (M.D. Fla. Nov. 21, 2012) (collecting cases); *Bourassa v. United States*, 2022 WL 204644, at *5 (D.S.D. Jan. 24, 2022) (noting that plaintiff has not petitioned the court to find an certify that the federal employee was acting within the scope of his employment). The Court will, therefore, permit Mrs. Bohnenkamp to present argument and evidence relating to the question of Defendant Wusterbarth's scope of employment at the evidentiary hearing.

5.   The Court of Appeals for the Third Circuit has considered which party carries the burden when challenging the Attorney General's refusal to certify scope of employment pursuant to 26 U.S.C. § 2679(d)(3). In *Melo II*, the Court of Appeals held that the party challenging the certification's conclusion is "called upon to come forward as if responding to a motion for summary judgment, with competent evidence supporting the facts upon which he would predicate liability, as well as any other facts necessary" to rebut it. 13 F.3d at 747. Thus, as the parties challenging the Attorney General's refusal to certify his scope of employment, Defendant Wusterbarth and Plaintiff Bohnenkamp must present evidence (or point to evidence of record) which supports their contention that he was acting within the scope of his employment. That is, they "bear[] the burden of rebutting or disproving, by a preponderance of the evidence, the Attorney General's decision to grant or deny the scope of employment certification." *Lacey-Echols ex rel. Murphy*, 2003 WL 23571269, at *6 (D.N.J. Dec. 17, 2003) (citing *Schrob v. Catterson*, 967 F.3d 929, 936 (3d Cir. 2003)). Should they successfully do so, the burden shifts back to the Government to persuade the Court that Wusterbarth acted as certified, with such conduct falling outside the scope of his employment. *See, e.g., Broom v. Dudley*, 883 F. Supp. 1091, 1099-1100 (E.D. Mi. 1994) (citing *Melo II*, 13 F.3d at 747).

6. In challenging the Attorney General's refusal to certify scope of employment, both Plaintiff Bohnenkamp and Defendant Wusterbarth contend that the summary judgment standard is applicable, arguing that the question whether Wusterbarth's conduct fell within the scope of his employment should be left to the jury due to the existence of material facts. *See, e.g.*, ECF No. 106, p. 8; ECF No. 108, p. 3. Courts have concluded, however, that the summary judgment standard should not be used in reviewing a certification under 28 U.S.C. § 2679. *See, e.g., Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008) ("…although the accuracy of the certification is reviewable by the district court in which it was filed, the summary judgment standard is not the one to be utilized."). The Court of Appeals for the Third Circuit has explained:

> We believe that Congress, familiar as it clearly was with summary judgment practice, would not have worded § 2679(d)(3) as it did if it intended that substitution would be unavailable in all cases where a summary judgment on the grounds of immunity would be inappropriate, i.e., where there is a dispute of fact material to the scope of employment issue. That section, it will be recalled, gives the employee the right to insist "at any time before trial" that the court "find and certify that [he or she] was acting within the scope of his office or employment. This directive that the court "find" prior to trial whether the defendant is immune is not limited to cases in which the material facts are undisputed. We … read this as a directive that, where necessary, the court conduct an evidentiary hearing and make all findings necessary to a determination of the scope of employment issue.

*Melo II*, 13 F.3d at 746-47 (citation omitted). Thus, the Court of Appeals concluded that "Congress intended federal employees to have a right to a court determination of all aspects of the immunity issue prior to trial." *Id.* at 747. This Court, therefore, will make that determination.

7. At the conclusion of the evidentiary hearing, the parties will be afforded the opportunity to present proposed findings of fact and conclusions of law.

8. The Clerk of this Court is directed to return this case to active status on the Court's docket as of today's date.

DATED this 20th day of July, 2022.

BY THE COURT:

*[signature]*

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE