IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| RACHEL BOHNENKAMP, <br><br> Plaintiff <br><br> vs. <br><br> JAMES WHISTERBARTH, CORRECTIONAL OFFICER; AND UNITED STATES OF AMERICA, <br><br> Defendants | ) <br> ) <br> ) 1:19-CV-00115-RAL <br> ) <br> ) <br> ) RICHARD A. LANZILLO <br> ) UNITED STATES MAGISTRATE JUDGE <br> ) <br> ) <br> ) MEMORANDUM ORDER ON <br> ) DEFENDANT WUSTERBARTH'S MOTION <br> ) TO COMPEL <br> ) <br> ) IN RE: ECF NO. 121 <br> ) |

Presently before the Court is a motion to compel the production of documents from Defendant United States filed by Defendant James Wusterbarth ("Wusterbarth"). The United States filed a response in opposition (ECF No. 123) and a hearing was conducted on the motion on September 14, 2022. *See* ECF No. 123 (response); ECF No. 124 (minute entry). For the reasons stated below, the motion is **DENIED**.

Wusterbarth seeks to compel the United States to produce the following:

1. a copy of one internal email addressing the importance of correctional leaving within the prison at the end of their shift;

2. certain "use of force" reports which involved Defendant Wusterbarth;

3. a copy of the incident report relating to an assault on another corrections officer;

1

    4.    copies of the awards given to Defendant Wusterbarth from 2017 to 2018;[1]

    5.    copies of denials of legal paperwork from Inmate Bohnenkamp's counselor as well as another denial from Mr. Stauffer;

    6.    a copy of the log record form for Inmate Bohnenkamp's "final pack-out items" the day of his release.

*See* ECF No. 121, pp. 1-2. The United States objects to these requests on the grounds that they are untimely and seek material that is not relevant to limited issue of whether Wusterbarth was acting within the scope of his employment during the events and actions that are the subject of Plaintiff's Complaint. *See* ECF No. 123, *generally*.

As stated during the hearing, the Court construes Wusterbarth's motion as one seeking to reopen discovery. Accordingly, the starting point of the Court's analysis is Federal Rule of Civil Procedure 16, which gives courts the "discretion to manage the schedule of litigation[.]" *See also Branch v. Brennan*, 2019 WL 6037009 at *4 (3d Cir. 2019). Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause in this context is established when "the party seeking the extension" can "show that the deadlines set forth in the scheduling order 'cannot reasonably be met despite the diligence of the party seeking the extension.'" Fed. R. Civ. P. 16(b) (advisory committee note to 1983 Amendment). "Good cause may also be satisfied if the movant shows that the inability to comply with a scheduling order is 'due to any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Newton v. Dana Corp.*, 1995 WL 368172, at *1 (E.D. Pa. June 21, 1995)). If the movant cannot demonstrate good cause, "the scheduling order shall control." *Id*. (citations

---

[1] Counsel for Defendant Wusterbarth orally withdrew this request on the record during the hearing.

2

omitted). "As the Third Circuit has stated, 'scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired.'" *Lasermaster Int'l Inc. v. Netherlands Ins. Co.*, 2021 WL 3616197, at *2 (D.N.J. Aug. 13, 2021) (quoting *Koplove v. Ford Motor Co.,* 795 F.2d 15, 18 (3d Cir. 1986)).

Wusterbarth argues that good cause now exists due to the scheduling of a hearing on the scope of employment issue. *See* ECF No. 12, p. 2, ¶¶ 10-11. This argument fails because ample time to pursue discovery relevant to the scope of his employment was afforded by prior order. *See* ECF No. 81 (Phase I discovery to take place from July 21, 2021 until October 18, 2021). Moreover, extensions of the Phase I discovery period were also granted upon motion by Wusterbarth. *See* ECF Nos. 91 (motion), 92 (order extending Phase I discovery to December 17, 2021); 94 (order granting extension of Phase I discovery to January 6, 2022, for purpose of completing Wusterbarth's deposition).

Further, the Rule 16 "good cause inquiry 'focuses on the moving party's burden to show due diligence.'" *Pauley v. Samuels*, 2019 WL 2106986, at *2 (W.D. Pa. May 14, 2019) (quoting *Race Tires Am. Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)). Here, Wusterbarth offers no explanation for why the requested material was not sought during the regular course of Phase I discovery nor has he sufficiently established prejudice. *See, e.g., Laughlin v. Peck*, 552 Fed. Appx. 188, 191-92 (3d Cir. 2014) (no abuse of discretion where district court denied untimely discovery request absent showing of prejudice by movant).

Finally, even if Wusterbarth had sufficiently established good cause to reopen discovery, the information he now requests is not relevant. As noted on the record at the hearing, the

requested information is, at best, collateral to the scope of employment issue and likely can be addressed via the direct and cross-examination of various witnesses.

For the foregoing reasons, the motion to compel discovery (ECF No. 121) is hereby **DENIED**.

DATED this 14th day of September, 2022.

                        BY THE COURT:

                        */s/ Richard A. Lanzillo*
                        RICHARD A. LANZILLO
                        UNITED STATES MAGISTRATE JUDGE