IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| RACHEL BOHNENKAMP, | ) |
| | ) |
| Plaintiff | ) 1:19-CV-00115-RAL |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| JAMES WHISTERBARTH, | ) UNITED STATES MAGISTRATE JUDGE |
| CORRECTIONAL OFFICER, | ) |
| | ) MEMORANDUM ORDER ON |
| | ) JURISDICTION |
| Defendant | ) |
| | ) |

By prior order, the Court granted summary judgment in favor of Defendant United States on the Plaintiff Rachel Bohnenkamps' Federal Tort Claims Act ("FTCA") claims. *See* ECF Nos. 136, 140. Dismissal of the FTCA claims deprived the Court of federal question jurisdiction under 28 U.S.C. § 1331. The question remains, however whether the Court retains subject matter jurisdiction based on diversity of citizenship between Plaintiff and Defendant James Wusterbarth ("Wusterbarth"), the sole Defendant in this case. The Court ordered additional briefing on this question (ECF No. 137). Both Plaintiff and Wusterbarth have filed supplemental briefs. *See* ECF Nos. 141, 142.

Ordinarily, "if jurisdiction exists at the time the action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc., v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991). The initial point of inquiry therefore is whether diversity of citizenship existed when Plaintiff and her spouse, Christopher Bohnenkamp, filed their original complaint. The Bohnenkamps initiated this action against Wusterbarth, the United States, and Warden Trate

1

of the Federal Correctional Institution at McKean ("FCI-McKean"). *See* ECF No. 4, p. 2. According to the original complaint, Christopher Bohnenkamp was incarcerated at FCI-McKean, which is located in Bradford, Pennsylvania, and Rachel Bohnenkamp was a resident of the State of New York. *Id.* Wusterbarth and Trate were alleged to be residents of Pennsylvania. *Id.* The Bohnenkamps' complaint predicated this Court's jurisdiction on 28 U.S.C. § 1331 based on the Defendants' alleged violations of their unspecified constitutional rights. *Id.*

Citizenship between Rachel Bohnenkamp (New York) and the Defendants (Pennsylvania) was diverse at the commencement of this action. But diversity of citizenship must be complete; that is, "no plaintiff can be a citizen of the same state as any of the defendants." *Trinh v. Trinh*, 2022 WL 327011, at *1 (3d Cir. Feb. 3, 2022) (citing *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). Here, the original complaint did not aver the citizenship of Christopher Bohnenkamp, only that he was an inmate at FCI-McKean. ECF No. 4, p. 2. *See, e.g., Doe v. Univ. of the Sciences*, 2019 WL 3413821, at 3 n.5 (E.D. Pa. July 29, 2019) (plaintiff did not plead he was a citizen of Pennsylvania, only that he "currently resides" in Pennsylvania), *rev'd on other grounds*, 961 F.3d 203 (3d Cir, 2020). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." *McCracken v. Murphy*, 328 F.Supp.2d 530, 532 (E.D. Pa. 2004) (citations omitted), *aff'd by*, 129 Fed. Appx. 701 (3d Cir. 2005); *see also Pierro v. Kugel*, 386 Fed. Appx. 308, 309 (3d Cir. 2010) ("[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."). The original complaint was silent regarding Christopher Bohnenkamp's domicile prior to his incarceration. It provided only the address where he was incarcerated. Without more information, the Court cannot say that Christopher

Bohnenkamp's citizenship was diverse from that of the Defendants. *See Ralston v. Connell*, 2021 WL 5882117, at *3 (E.D. Pa. Dec. 13, 2021); *Dougherty v. Brennan*, 2021 WL 2529820, at *3 (E.D. Pa. June 21, 2021); *McKinney v. Lanigan*, 2021 WL 288465, at *7 n.5 (D.N.J. Jan. 28, 2021); *Strausbaugh v. Greentree Servicing LLC*, 2018 WL 4691633, at *2 (M.D. Pa. Aug. 6, 2018), *report and recommendation adopted*, 2018 WL 4680129 (M.D. Pa. Sept. 28, 2018), *aff'd*, 2021 WL 2103602 (3d Cir. May 25, 2021); *Vaughn v. Vaughn*, 2015 WL 13214307, at *1 (W.D. Pa. Sept. 29, 2015), *aff'd*, 674 Fed. Appx 145 (3d Cir. 2017). Thus, at the time of filing, complete diversity of citizenship did not exist.[1]

After the United States filed a motion to dismiss (ECF No. 19), Bohnenkamp filed an Amended Complaint listing only herself as plaintiff, and the claims against Warden Trate dismissed by order of the Court. ECF No. 30. By omitting Christopher Bohnenkamp as a plaintiff, Bohnenkamp argues that complete diversity was achieved. *See, e.g., Floyd v. VCP Bridge Kroft, LLC*, 2019 WL 5756310, at *1 (M.D. Ala. Nov. 5, 2019) (dismissing one defendant and adding another in third amended complaint achieved complete diversity of citizenship); *DirecTV Latin America, LLC v. Park 610 LLC*, 614 F. Supp.2d 446, 447 (S.D.N.Y. Apr. 30, 2009) (granting leave to file amended complaint to cure jurisdictional defects where original complaint failed to plead complete diversity). But, a plaintiff cannot perfect diversity jurisdiction simply by filing an amended complaint which omits the non-diverse party if that party is indispensable to the action. *Lang v. Windsor Mount Joy Mut. Ins. Co.*, 487 F. Supp. 1303, 1307 (E.D. Pa. 1980) *aff'd* 636 F.2d 1209 (3d Cir. 1980); *Rubler v. Unum Provident Corp.*, 2007 WL 188024, at *1 (S.D.N.Y. Jan. 25, 2007) (citing *Lang*). *See also Grupo Dataflux*

---

[1] In her Supplemental Brief, Rachel Bohnenkamp states that "[a]t the time plaintiff's complaint was filed … [d]iversity jurisdiction did not exist because … Christopher Bohnenkamp was a citizen of Pennsylvania." ECF No. 141, p. 2.

*v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004); *Baker v. Austin*, 2014 WL 6674425, at *3 (M.D. Pa. Nov. 24, 2014); *Brown v. Dal-Tile Corp.*, 2010 WL 11646772, at *2 (E.D. Ky. June 4, 2010). "To be an indispensable party under Federal Rule of Civil Procedure Rule 19(b), a party must also be a 'required' party under Rule 19(a)." *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 408 (3d Cir. 2017).

Rule 19(a) provides the analytical sequence a court should follow in a Rule 19 analysis. *Field v. Volkswagenwerk AG*, 626 F.2d 293, 299 (3d Cir. 1980). That is, when undertaking the inquiry, a court should first determine if an absent person or party falls within either the Rule 19(a)(1)(A) or Rule 19(a)(1)(B) categories. *Krakowiecki v. Walker*, 2023 WL 1444231, at *2 (W.D. Pa. Feb. 1, 2023) (citing *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 108 (1968)). If the answer is yes, then they should be joined if feasible. *Field*, 626 F.2d at 300.

A party is indispensable if, in his or her absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Here, the Court focuses on whether, in the unjoined party's absence, it can grant complete relief to the persons who are already parties to the action. *See Huber v. Taylor*, 532 F.3d 237, 248 (3d Cir. 2008). "The court does not consider the potential impact of a determination on the absent party itself." *Pennsylvania State Univ. v. Keystone Alternatives LLC*, 2022 WL 4656666, at * (M.D. Pa. Sept. 30, 2022) (citing *Huber*, 532 F.3d at 248) (stating that the "effect a decision may have on [an] absent part[y] is immaterial")). The Court has no doubt that it can grant relief to Rachel Bohnenkamp or James Wusterbarth in this case absent Christopher Bohnenkamp as a Defendant. Indeed, the Court is hard-pressed to ascertain what how Christopher Bohnenkamp's absence from this litigation would prevent it from awarding relief to either remaining party. *See, e.g., Holford v. DiFabio*,

4

2021 WL 576950 , at *7, n.7 (E.D. Pa. Dec. 6, 2021) ("None explain why [the absent party] must be added to this case in order to afford complete relief.").

Second, Christopher Bohnenkamp is not a necessary party under Rule 19(a)(1)(B). To qualify as a required party under Rule 19(a)(1)(B)(i), the claimants must have an interest that "relates to the subject of the action" and be "so situated that disposing of the action" will as "a practical matter impair or impede [their] ability to protect the interest." Rule 19(a)(1)(B)(i). *See also Krakowiecki*, 2023 WL 1444231, at *3. This interest must be a legal one; not merely financial. *Liberty Mutual Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005). Here, again, no interest of Christopher's will be impeded by the disposition of this case.

Therefore, the Court concludes that Christopher Bohnenkamp is not a necessary or indispensable party in this action. Accordingly, the Court has complete diversity of citizenship and, thus, subject matter jurisdiction over what remains of this dispute. Given that determination, the next step is the scheduling of a case management conference, which will be done via separate order.

DATED this 7th day of March, 2023.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE